## McGEE v. STATE. (8 Div. 147.)

(Court of Appeals of Alabama. April 15, 1924.)

1. **Criminal law ⟋693—Objection to question after answer given held too late.**

Where state witness on redirect examination was asked, "And in your judgment were the men you arrested the same men that had the buckets and lantern?" objection made after answer was given was too late.

2. **Intoxicating liquors ⟋226—Evidence identifying defendant and others as those operating still admissible.**

In a prosecution for manufacturing intoxicating liquors, the question, "In your judgment were the men you arrested the same men that had the buckets and lantern?" and the answer, "Yes; there is no question in my mind but they were the same men," were admissible to identify defendant and his associates as men seen by witness to carry water and pour it in the flake trough of the still.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

George T. McGee was convicted of violating the prohibition law, and appeals. Affirmed.

Bradshaw & Barnett, of Florence, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

An objection made after a question is answered comes too late.

BRICKEN, P. J. This appellant, and another not on trial, were indicted at the September term, 1922, of the circuit court of Lauderdale county for distilling, making or manufacturing alcoholic, spirituous or malt liquors contrary to law. The indictment also contained a second count, charging in proper form the unlawful possession of a still by defendant. After hearing the testimony and charge of the court, etc., the jury returned a verdict of guilty as charged in the first count, and judgment was pronounced and entered accordingly; the court fixing the punishment at not less than one year and one day, nor more than thirteen months' imprisonment in the penitentiary. From this judgment defendant appeals.

[1, 2] The only exception reserved during this trial was to the action of the court in overruling the objection interposed by defendant to the statement made by state witness J. O. Davis on his redirect examination, who, in response to the question, "And in your judgment were the men you arrested the same men that had the buckets and lantern?" Replied, "Yes; there is no question in my mind but they were the same, men." The record shows that the question was propounded and the answer given before objection was interposed; it therefore came too late. The exception is without merit, for the further reason it was competent for the state to identify the defendant and his associate, also indicted, as the men who were seen by the state's witnesses to carry water .from the branch and pour it in the flake trough of the still, which was at the time shown by the testimony to be in full operation.

This being the only question presented, and as the ruling of the court in this connection was entirely free from error, the appeal of the defendant must fail and the judgment affirmed, which is accordingly ordered.

Affirmed.